CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

BARCLAYS BANK DELAWARE,
        Plaintiff,

v.

TYISHA M CHANCEY,
        Defendant.

-------------------------------------------------------------------X

Index No. CV-006266-19/BX

AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE TO CEASE ENFORCEMENT, RETURN FUNDS, AND MODIFY JUDGMENT

TYISHA M CHANCEY, affirms under penalty of perjury and pursuant to CPLR § 2106:

1. I am the *pro se* defendant named in this case. I received assistance from The Legal Aid Society in order to prepare this affirmation, but I remain unrepresented in this matter. All statements of fact are made based on my personal knowledge or where stated based on information and belief. Statements of law were prepared by The Legal Aid Society.

2. I am seeking to amend the judgment against me because Plaintiff appears to be enforcing a judgment against me for a higher amount than the amount it is entitled to take from me by court-ordered stipulation, without sending me the Notice required by the stipulation.

**Statement of Facts**

3. Plaintiff filed a Summons and Complaint on April 3, 2019 seeking $4,940.96 with costs.

4. In court on October 2, 2019, I entered into a stipulation to settle the case with Plaintiff for the full amount it was seeking payable at $25 per month. *See* Exhibit A. I did not realize that this stipulation meant giving Plaintiff everything it was seeking in exchange for giving up all my defenses, but I agreed to it because I felt I had no other option and thought that paying down the debt would reduce the amount of the debt Plaintiff could collect from me.

5. Paragraph 7 of the stipulation states that in the event of a default, after sending a 10 day notice to cure, Plaintiff is entitled to a judgment "less any payments already received." *See* Exhibit A.

6. Pursuant to this stipulation, I paid Plaintiff $150. Exhibit B.

7. Plaintiff then violated its own terms in two ways.

8. First, I never received a notice of default, even though Plaintiff's own stipulation requires it. *See* Exhibit A.

*Pro se papers prepared with the assistance of counsel admitted in New York.*

9.  Then, on December 7, 2024, judgment was entered against me for $5,040.96—the full $4,940.96 Plaintiff sued me for plus costs, even though Plaintiff's own stipulation states judgment would be entered for $4,940.96 less any payments made. *See* Exhibit C.

10. Further, my bank account should not be frozen at all because the funds in my bank account are deposits from exempt sources. *See* Exhibit D.

11. I received unemployment insurance benefits between 2020 and 2021 via direct deposit into my checking account ending in 2265. I regularly transferred funds from this account to a secondary checking account ending in 7961. I also received child support arrears owed to me via pre-paid card in 2024. I transferred these funds into my savings account, which is currently frozen. Therefore, the frozen funds originate from exempt sources. *See* Exhibit D.

**Statements of Law**

12. Upon information and belief and based on the information in the paragraphs below were provided to me by an attorney admitted to the NYS Bar.

13. Under the law CPLR § 5240, "The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

14. "". . .CPLR 5240 grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.' " *Plymouth Venture Partners, II, LP v. GTR Source*, LLC, 27 N.Y.3d 591, 600 (2021) (*quoting Guardian Loan Co., Inc. v. Early*, 47 N.Y.2d 515, 519 (1979)).

15. As a result, under CPLR 5240, the court is allowed to "craft flexible and equitable responses to claims that arise with respect to enforcement of valid money judgments." *Id.* at 601. *See also Lew v Sobel*, 192 AD3d 799, 800 [2d Dept 2021] (CPLR 5240 gives courts "broad discretionary power to alter the use of procedures set forth in CPLR article 52"); *JPMorgan Chase Bank, N.A. v Motorola, Inc.*, 47 AD3d 293, 312 [1st Dept 2007] (judgment enforcement denied to avoid injustice of expecting debtor to pay twice); *Greate Bay Hotel & Casino v Chan*, 239 AD2d 295, 295 [1st Dept 1997] (vacatur of restraint proper where payments not credited).

*Pro se papers prepared with the assistance of counsel admitted in New York.*

16. Without a legal determination to cease judgment enforcement, reduce the balance owed and/or require the return of funds, it appears that there is nothing to legally prevent Plaintiff from extracting thousands more from Defendant than the amount established by the terms of Plaintiff's own court-ordered stipulation.

17. If the supposed agreement between the parties—drafted by counsel for Plaintiff, a debt collector—allowed Plaintiff to obtain and enforce a judgment for decades far exceeding the agreed-to amount without crediting my payments, then the ostensible agreement either does not exhibit a meeting of the minds, or is arguably so unfair, one-sided, and oppressive as to be void for unconscionability.

18. Further, funds from unemployment and child support are funds intended by statute not to be subject to judgment enforcement. *See* CPLR § 5205.

19. Where exempt income is deposited into an account, even after withdrawals of money in the account, the funds remaining in the account are assumed to be exempt, under the Lowest Intermediate Balance Principle. *See* CPLR § 5222-a(c)(4).

20. Where an account contains some funds deposited or transferred from exempt sources, the judgment creditor shall apply the lowest intermediate balance principle of accounting in which exempt funds are the last funds to leave the account. *U.S. Equities Corp. v Casellas*, 72 Misc 3d 874 [Civ Ct NY Cnty, 2021] (*citing Arias v Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F3 128, 132 n 2 [2d Cir 2017]).

21. Because Plaintiff violated the terms of its own stipulation, in which I agreed to waive all of my defenses in exchange for payment reducing the balance with notice before entry of default, and because the funds in my account are from exempt sources, I am asking the court to modify enforcement of the judgment against me as follows:

    a. to release my bank account and return all funds collected;

    b. to cease enforcement because Plaintiff violated the stipulation of settlement by (1) obtaining a judgment for more funds than it was entitled to and (2) failing to provide me with a Notice of Default prior to freezing my bank account;

    c. and all other relief the Court deems, fair, just and equitable under CPLR § 5240.

*Pro se papers prepared with the assistance of counsel admitted in New York.*

Pursuant to CPLR § 2106, I affirm this day of Sept. 3, 2025, under penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
TYISHA M CHANCEY

*Pro se papers prepared with the assistance of counsel admitted in New York.*