

Case 1:24-cv-09812-AS    Document 27    Filed 09/03/25    Page 1 of 3

> GRANTED. These requests relate to elements of the claims that plaintiff is bringing because each is suggestive of the process used by defendant to screen claims and whether that process complies with the FCPA and whether there's deceit under NY Judiciary Law Section 487. The number of lawsuits filed, the number in which there's a release of claims, and the number of attorneys screening documents are directly relevant to that. Contrary to defendant's characterization, *Miller v. Wolpoff & Abramson LLP*, doesn't relate only to class certification but instead to proving a claim more generally. *See* 321 F.3d 292, 306 (2d Cir. 2003) ("[I]f discovery in this case were to reveal that W & A and UC & S handled this high volume of accounts, received only the limited information described in the attorney affidavits, reviewed the collection files with such speed that no independent judgment could be found to have been exercised, and then issued form collection letters with the push of a button, a reasonable jury could conclude that W & A and UC & S lacked sufficient professional involvement with plaintiff's file that the letters could be said to be from an attorney.").
>
> The Clerk of Court is respectfully directed to terminate the motion at ECF No. 27.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: September 8, 2025

<u>Via ECF</u>

September 3, 2025

The Honorable Judge Arun Subramanian
United States District Court Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Rosa Garo v. Tenaglia & Hunt, P.A.*, 24-cv-9812
    Letter-Motion Request for Conference on Discovery Disputes

Dear Judge Subramanian:

Plaintiff in this action respectfully submits the instant letter-motion, pursuant to Your Honor's Individual Rules and Practices in Civil Cases and Local Civil Rule 37.2, requesting an informal pre-motion discovery conference because the parties have been unable to resolve discovery disputes on their own and have reached an impasse.

Prior to making this letter-motion, the parties participated in multiple meet and confers related to Plaintiff's First Set of Interrogatories and Demand for Documents on May 21, 2025 at 3PM for twenty minutes, June 25, 2025 at 3PM for twenty minutes, and August 12, 2025 at 10AM for twenty minutes. All were attended by Arthur Sanders, Lead Trial Counsel for Defendant; Mary McCune, Lead Trial Counsel for Plaintiff; and Washcarina Martinez Alonzo, co-counsel for Plaintiff.

The parties also met on August 26, 2025 at 3PM for an hour and seven minutes to discuss Defendant's Response to Plaintiff's Second Document Demand. This last meet and confer was attended by Mary McCune, Lead Trial Counsel for Plaintiff; Washcarina Martinez Alonzo, co-counsel for Plaintiff; and Mitchell Williamson, who represented that he was acting as co-lead counsel for Defendant.

During the meet and confer on June 25, 2025, Plaintiff informed Defendant that she would be seeking court intervention if the ongoing discovery disputes could not be resolved by the parties within a reasonable amount of time. On August 12, 2025, Plaintiff informed Defendant that the parties had reached an impasse on the Defendant's Responses to Plaintiff's First Interrogatories and Document Demand. On August 26, 2025, Plaintiff informed Defendant that the parties had reached an impasse on several of its responses to Plaintiff's Second Document Demand.

**Demand Justice.**

Manhattan Legal Services | 2090 Adam Clayton Powell Jr. Blvd, 5th Floor, New York, NY 10027
Phone: 646-442-3100 | Fax: 646-882-8712 | www.LegalServicesNYC.org
Peggy Earisman, Project Director | Linton Mann III, Board Chair

LSC | America's Partner for Equal Justice
LEGAL SERVICES CORPORATION

NATURE OF THE CLAIMS IN THIS ACTION

Plaintiff commenced the instant action alleging Defendant violated the FDCPA, New York State General Business Law §349, and New York Judiciary Law §487 when it, *inter alia*, sued Plaintiff for a debt which she did not owe, continued to litigate the debt collection case after the creditor determined the charges were fraudulent, and attempted to condition discontinuance of the action on Plaintiff signing a release of any claims she might have against Defendant as well as agreeing to a confidentiality clause, a non-disparagement clause, and to provide a W-9 form although no settlement had been offered. Plaintiff's claims also include a claim that Defendant made false representations of meaningful attorney involvement and reasonable investigation.

HISTORY OF DISCOVERY AND OUTSTANDING DISCOVERY DISPUTES

Plaintiff served a first set of interrogatories and first request for production of documents on Defendant on April 11, 2025. Plaintiff's document demands included demands for documents sufficient to establish the number of debt collection cases Defendant had filed against consumers for the relevant time period (Request 8); the number of attorneys employed by Defendant who were licensed to practice in New York (Request 9); the number of debt collection cases in which a consumer signed a release of a claim (Demand 10); and the percentage of revenue Defendant derived from debt collection (Demand 11). The instructions defined the relevant time period as January 1, 2022 through the present and provided that an affidavit could be substituted for production of documents when a demand sought "documents sufficient to establish" the requested information. Defendant initially responded to Plaintiff's document requests on May 16, 2025, with subsequent productions on June 13, 2025 and August 12, 2025. Despite months of meet and confers and revised productions, Defendant has wholly failed to respond to Plaintiff's Requests 8-11.

Defendant objected to Requests 8-10 on the grounds that the documents "had no applicability to the facts at issue in this case." Requests 8 and 9 seek information that is directly relevant to Plaintiff's claim that Defendant failed to make a reasonable investigation and/or misrepresented the level of attorney review prior to filing the underlying debt collection lawsuit. The information sought is routinely considered by courts in FDCPA actions alleging claims of no meaningful attorney review prior to filing. *See, e.g., Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 306-07 (2d Cir. 2003) (number of debt collection letters sent and time spent on each collection attempt is relevant to whether meaningful attorney review occurred); *see also CFPB v. Forster & Garbus LLP*, 2:19-cv-2928 (JS), 2019 WL 13251922 (alleging that volume of cases filed indicated no meaningful attorney review took place). Request 10 is related to Plaintiff's claim that Defendant engaged in a pattern and practice of suing on debts that were not owed and/or conditioning the discontinuance of a collection action for an invalid debt on a consumer signing a release of potential violations of the FDCPA, GBL §349, and Jud. Law §487. It is also relevant to Defendant's Second Affirmative Defense that the release was sent in error.

Defendant objected to Request 11, which asked for the percentage of Defendant's revenue earned from debt collection, on the grounds that the documents sought "would be confidential

and sensitive." However, the Court has issued a protective order, which resolves this concern, and Defendant still has failed to respond to this request.

In its First Revised Responses to Plaintiff's First Request for Production of Documents, Defendant produced documents which disclosed for the first time that a third party entity, TrakAmerica, had knowledge of and was deeply involved in the underlying debt collection. Based on Defendant's production, TrakAmerica's role went well beyond placing the account with Defendant for collection and raises a question as to whether TrakAmerica or Barclays Bank, the creditor and named plaintiff in the underlying collection case, was Defendant's actual client.

To clarify the relationship and roles of Barclays and TrakAmerica, Plaintiff served a Second Document Demand on Defendant on July 1, 2025, which asked for "retainers, letters of engagement, service agreements or similar agreements" between Defendant and TrakAmerica related to the underlying debt collection (Request 2); "Templates used by Defendant to create Demand Letters and/or Complaints to collect Putative Debts" (Request 6); and "Manuals or documentation relating to any collection management programs used by Defendant related to the Account" (Request No. 7). Defendant objected to each request on the grounds of relevance, even stating in response to Request 6 that "There is no conceivable reason as to why Plaintiff's counsel would request such information and Defendant declines voluntarily to provide it."

A "Legal Services Agreement" between TrakAmerica and Defendant, produced by TrakAmerica in response to a subpoena, indicates that Defendant was required to use templates, software, and procedures provided by TrakAmerica in filing the underlying debt collection action, as well as that TrakAmerica provided all documents relating to the case to the Defendant.

Requests 2, 6, and 7 are relevant to establishing whether Defendant misrepresented the level of attorney involvement by using templates and procedures created by a non-attorney third party in drafting demand letters and the complaint in the underlying debt collection, and possibly the settlement agreement; and failed to make a reasonable investigation by relying on TrakAmerica's representations relating to the debt rather than communicating with the original creditor, its alleged client, before and during the underlying litigation. They are also relevant to Defendant's second affirmative defense claiming that release form it used was sent in error to Plaintiff.

Plaintiff respectfully requests an order compelling Defendant to respond to its First Document Demands 8-11 and its Second Document Demands 2, 6, and 7, by a date certain.

Respectfully submitted,
*s/ Mary McCune*
Mary McCune, Esq.
Manhattan Legal Services
*Attorneys for Plaintiff*
2090 Adam Clayton Powell, Jr. Blvd, 5th Fl.
New York, NY 10027
(646) 442-3143 (phone/fax)
mmccune@lsnyc.org