```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
TYISHA CHANCEY,
                          Plaintiff,                ANSWER
          -against-
                                                    26-CV-00764
TENAGLIA & HUNT, P.A., and
DATA SEARCH NY INC. d/b/a TRAKAMERICA,

                          Defendant(s).
------------------------------------------x
```

Defendant, **TENAGLIA & HUNT, P.A.**, by its attorneys, Barron & Newburger, P.C., answers plaintiff's complaint as follows:

### ORIGINAL COMPLAINT AND JURY DEMAND

Defendant acknowledges the content of Plaintiff's complaint but denies any violation of Federal or State law.

### SUMMARY OF CLAIMS

Defendant admits that it is a law firm that filed a collection action against the plaintiff in State Court. It obtained a judgment against the plaintiff, but the judgment was later vacated upon plaintiff's application. The collection action filed by the defendant in State Court against the plaintiff, remains open and pending.

### PARTIES

1. Defendant admits the allegations contained in paragraph "1" of the complaint.

2. Defendant admits the allegations contained in paragraph "2" of the complaint.

3. Defendant admits the allegations contained in paragraph "3" of the complaint.

4. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

5. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

### STATEMENT OF FACTS

**Background: Underlying Collection Lawsuit and Stipulation of Settlement**

1. Defendant admits the allegations contained in paragraph "1" of the complaint.

2. Defendant admits the allegations contained in paragraph "2" of the complaint.

3. Defendant admits the allegations contained in paragraph "3" of the complaint.

4. Defendant denies each and every allegation contained in paragraph "4" of plaintiff's complaint.

5. Defendant admits preparation of a Stipulation of Settlement with the plaintiff in the State Court action, but otherwise denies the allegations contained in paragraph "5" of the complaint.

6. Defendant admits that plaintiff began making payments pursuant to the Stipulation, but otherwise defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the complaint.

7. Defendant admits the allegations contained in paragraph "7" of the complaint.

8. Defendant denies the completeness or accuracy of the allegations contained in paragraph "8" of the complaint and would refer the Court to Exhibit "C" attached to plaintiff's complaint, for the exact terms thereof.

**Tenaglia Abandons the Case for Four Years, Then Violates the Terms of the Stipulation by Entering an Inflated Judgment Without Notice or Motion**

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "9" of the complaint.

10. Defendant admits preparing a Motion for entry against the plaintiff but otherwise defendant lacks knowledge or information

sufficient to form a belief as to the allegations contained in paragraph "10" of the complaint.

11. Defendant admits preparing a Motion for entry against the plaintiff but otherwise defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the complaint.

**Tenaglia Uses the Unlawful Judgment to Freeze Ms. Chancey's Bank Account, Which Contains Solely Exempt Funds, Then Levies $4,035.37 of the Exempt Funds Exempt Funds**

12. Defendant admits the allegations contained in paragraph "12" of the complaint

13. Defendant admits sending a Restraining Notice to Chase Bank and admits receiving a response from Chase Bank to the Restraining Notice. At no time did defendant intend to freeze Exempt Funds belonging to the plaintiff and, at no time did Chase Bank inform the defendant that any of the funds restrained were Exempt Funds.

14. Defendant admits the allegations contained in paragraph "14" of the complaint

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15" of the complaint.

16. Defendant denies each and every allegation contained in paragraph "16" of plaintiff's complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "17" of the complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "18" of the complaint.

19. Defendant admits sending an Execution to the City Marshal's office but denies any knowledge that the levied funds were Exempt Unemployment and/or Child Support Funds.

20. Defendant admits sending an Execution to the City Marshal's office with respect to plaintiff's bank account at Chase, but otherwise denies the allegations contained in paragraph "20" of the complaint.

**Tenaglia Doubles Down, Vigorously Opposing Ms. Chancey's Pro Se Order to Show Cause Vacate the Fraudulently Obtained Judgment, Release the Freeze on Her Bank Account, and Return the Levied Exempt Funds**

21. Defendant admits the allegations contained in paragraph "21" of the complaint.

22. Defendant admits receiving plaintiff's Pro Se Order to Show Cause but otherwise denies the allegations contained in paragraph "22" of the complaint.

23. Defendant admits receiving plaintiff's Pro Se Order to Show Cause but otherwise denies the allegations contained in paragraph "23" of the complaint.

24. Defendant admits filing the document annexed to plaintiff's complaint as Exhibit "M" but otherwise denies the characterization in paragraph "24" of the complaint.

25. Defendant admits the allegations contained in paragraph "25" of the complaint

26. Defendant denies each and every allegation contained in paragraph "26" of plaintiff's complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "27" of the complaint.

28. Defendant denies each and every allegation contained in paragraph "28" of plaintiff's complaint.

29. Defendant admits refunding money to the plaintiff but otherwise denies the allegations contained in paragraph "29" of the complaint.

30. Defendant admits the allegations contained in paragraph "30" of the complaint.

31. Defendant admits the allegations contained in paragraph "31" of the complaint.

32. Defendant admits that the collection lawsuit is still pending but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the complaint.

**Trak is Integral to Tenaglia's Collection Attempts as to Ms. Chancey**

33. Defendant denies each and every allegation contained in paragraph "33" of plaintiff's complaint.

34. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

35. Defendant denies each and every allegation contained in paragraph "35" of plaintiff's complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "36" of the Complaint.

37. Defendant admits the allegations contained in paragraph "37" of the complaint.

38. Defendant denies the characterizations contained in paragraph "38" of the complaint.

39. Defendant denies each and every allegation contained in paragraph "39" of plaintiff's complaint.

**Tenaglia's Persistent Unlawful Conduct Inflicted Considerable Emotional Distress On a Single Mother and Wrongfully Deprived Her of Thousands of Dollars for Months**

40. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "40" of the complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "41" of the complaint.

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "42" of the complaint.

43. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "43" of the complaint.

44. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "44" of the complaint.

45. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "45" of the complaint.

46. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "46" of the complaint.

47. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "47" of the complaint.

48. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "48" of the complaint.

49. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "49" of the complaint.

50. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "50" of the complaint.

**COUNT 1: FAIR DEBT COLLECTION PRACTICES ACT**

51. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1-50" of the complaint.

52. Defendant admits that it is a debt collector but otherwise denies the allegations contained in paragraph "52" of the complaint.

53. Defendant admits the allegations contained in paragraph "53" of the complaint.

54. Defendant admits the allegations contained in paragraph "54" of the complaint.

55. Defendant denies each and every allegation contained in paragraph "55" of plaintiff's complaint.

56. Defendant denies each and every allegation contained in paragraph "56" of plaintiff's complaint.

57. Defendant denies each and every allegation contained in paragraph "57" of plaintiff's complaint.

58. Defendant denies each and every allegation contained in paragraph "58" of plaintiff's complaint.

59. Defendant denies each and every allegation contained in paragraph "59" of plaintiff's complaint.

## COUNT 2: CONVERSION

44. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1-59" of the complaint.

45. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

46. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

47. Defendant denies each and every allegation contained in paragraph "47" of plaintiff's complaint.

48. Defendant denies each and every allegation contained in paragraph "48" of plaintiff's complaint.

49. Defendant denies each and every allegation contained in paragraph "49" of plaintiff's complaint.

50. Defendant denies each and every allegation contained in paragraph "50" of plaintiff's complaint.

51. Defendant denies each and every allegation contained in paragraph "51" of plaintiff's complaint.

## COUNT 3: GROSS NEGLIEGENCE

52. Defendant repeats and realleges all previous admissions and denials.

53. Defendant denies each and every allegation contained in paragraph "53" of plaintiff's complaint.

54. Defendant denies each and every allegation contained in paragraph "54" of plaintiff's complaint.

55. Defendant denies each and every allegation contained in paragraph "55" of plaintiff's complaint.

56. Defendant denies each and every allegation contained in paragraph "56" of plaintiff's complaint.

57. Defendant denies each and every allegation contained in paragraph "57" of plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations for the Fair Debt Collections Practices Act (FDCPA).

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. Plaintiff's injuries were caused by the actions of non-parties.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

60. Plaintiff's complaint fails to state any viable causes of action.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed.

Dated: New City, NY
March 2, 2026

_____
Arthur Sanders
BARRON & NEWBURGER, P.C.
Attorneys for defendant-
Tenaglia & Hunt, P.A.
30 South Main Street
New City, NY  10956
845-499-2990


TO:

AHMAD KESHAVARZ, ESQ.
LAW OFFICE OF AHMAD KESHAVARZ
Attorneys for plaintiff
16 Court Street, Suite 2600
Brooklyn, NY 11241
ahmad@NewYorkConsumerAttorney.com