```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
TYISHA CHANCEY
                    Plaintiff,                    ANSWER
          -against-                                26-CV-00764
TENAGLIA & HUNT, P.A., and DATA
SEARCH NY INC. d/b/a TRAKAMERICA
                    Defendants.
-------------------------------------x
```

Defendant, Data Search NY, Inc., d/b/a TrakAmerica, by its attorneys, Barron & Newburger, P.C., answers plaintiff's complaint as follows:

### ORIGINAL COMPLAINT AND JURY DEMAND

Defendant acknowledges the content of plaintiff's complaint but denies any violation of Federal or New York State law.

### SUMMARY OF CLAIMS

Defendant denies knowledge or information with respect to those claims asserted against co-defendant. With respect to any claim asserted against the answering defendant, it denies any violation of Federal or State law.

### PARTIES

1. Defendant admits the allegations contained in paragraph "1" of the complaint.

2. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

3. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

4. Defendant denies each and every allegation contained in paragraph "4" of the complaint.

5. Defendant denies each and every allegation contained in paragraph "5" of the complaint.

### STATEMENT OF FACT

*Background: Underlying Collection Lawsuit and Stipulation of Settlement*

1. Defendant admits the allegations contained in paragraph "1" of the complaint.

2. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

3. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

4. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

5. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

6. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

7. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

8. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

***Tenaglia Abandons the Case for Four Years, Then Violates the Terms of the Stipulation by Entering an Inflated Judgment Without Notice or Motion***

9. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

10. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

11. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

### *Tenaglia Uses the Unlawful Judgment to Freeze Ms. Chancey's Bank Account, Which Contains Solely Exempt Funds, Then Levis $4,035.37 of the Exempt Funds Exempt Funds*

12. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

13. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial. Defendant admits the allegations contained in paragraph "20" of the complaint.

14. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

15. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

16. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the complaint.

18. Defendant admits the allegations contained in paragraph "18" of the complaint.

19. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

20. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

### *Tenaglia Doubles Down, Vigorously Opposing Ms. Chancey's Pro Se Order to Show Cause to Vacate the Fraudulently Obtained Judgment, Release the Freeze on Her Bank Account, and Return the Levied Exempt Funds*

21. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

22. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

23. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

24. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

25. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

26. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

27. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

28. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

29. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

30. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the complaint.

31. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

32. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

***Trak is Integral to Tenaglia's Collection Attempts as to Ms. Chancey***

33. Defendant denies the accuracy of the representations contained in paragraph "33" of the complaint.

34. Defendant denies the accuracy of the representations contained in paragraph "34" of the complaint.

35. Defendant denies each and every allegation contained in paragraph "35" of the complaint.

36. Defendant denies knowledge or information sufficient to form a belief with respect to plaintiff's contact with non-party Barclay's but otherwise denies.

37. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the complaint.

38. Defendant denies that its role as forwarder implies any direct involvement in the legal actions by the co-defendant.

39. Defendant denies each and every allegation contained in paragraph "39" of the complaint.

***Tenaglia's Persistent Unlawful Conduct Inflicted Considerable Emotional Distress On a Single Mother and Wrongfully Deprived Her of Thousands of Dollars for Months.***

40. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

41. Defendant denies knowledge or information sufficient to form a believe as to the allegations contained in paragraph "41" of the complaint.

42. Defendant denies that plaintiff was unsuccessful in reaching its office, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of the complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "45" of the complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of the complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the complaint.

48. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48" of the complaint.

49. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49" of the complaint.

50. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "57" of the complaint.

### COUNT 1:   FAIR DEBT COLLECTION PRACTICE ACT

51. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "50."

52. Defendant denies each and every allegation contained in paragraph "52" of the complaint.

53. The allegation contained in paragraph "53" is a legal conclusion and does not require an admission or denial.

54. The allegation contained in paragraph "54" is a legal conclusion and does not require an admission or denial.

55. Defendant denies any violation of the FDCPA and denies that it is a debt collector subject to the terms of the FDCPA.

56. Defendant denies each and every allegation contained in paragraph "56" of the complaint.

57. Defendant denies each and every allegation contained in paragraph "57" of the complaint.

58. Defendant denies each and every allegation contained in paragraph "58" of the complaint.

59. Defendant denies each and every allegation contained in paragraph "59" of the complaint.

### COUNT 2: CONVERSION

44. Defendant repeats and realleges its previous admissions and denial contained in paragraphs "1" through "59" of the complaint.

45. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

46. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

47. Defendant denies each and every allegation contained in paragraph "47" of the complaint.

48. Defendant denies ever restraining or seizing plaintiff's bank account.

49. Defendant denies ever restraining or seizing plaintiff's bank account.

50. Defendant denies each and every allegation contained in paragraph "50" of the complaint.

51. Defendant denies each and every allegation contained in paragraph "51" of the complaint.

### COUNT 3: GROSS NEGLIGENCE

52. Defendant repeats and realleges all previous admissions and denials.

53. Defendant denies each and every allegation contained in paragraph "53" of the complaint.

54. Defendant denies each and every allegation contained in paragraph "54" of the complaint.

55. Defendant denies each and every allegation contained in paragraph "55" of the complaint.

56. Defendant denies each and every allegation contained in paragraph "56" of the complaint.

57. Defendant denies each and every allegation contained in paragraph "57" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations for the Fair Debt Collection Practices Act (FDCPA).

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. Plaintiff's injuries were caused by the actions of non-parties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. Plaintiff's complaint fails to state any viable causes of action.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed.

Dated: New City, NY
       March 16, 2026

_____
ARTHUR SANDERS, ESQ.
BARRON & NEWBURGER, P.C.
Attorneys for defendant
30 South Main Street
New City, NY  10956
845-499-2990

TO:

AHMAD KESHAVARZ, ESQ.
LAW OFICE OF AHMAD KESHAVARZ
Attorney for plaintiff
16 Court Street, Suite 2600
Brooklyn, NY  11241