# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

April 6, 2026

**<u>VIA ECF</u>**
District Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   **Re:    Joint letter.**
   *Tyisha Chancey v. Tenaglia & Hunt, P.A. et al.,* Case 1:26-cv-02834-RA

Dear Judge Abrams:

The undersigned represents Plaintiff Tyisha Chancey in the above-entitled action alleging violations of the Fair Debt Collection Practices Act and various state law claims against the debt collection law firm Tenaglia & Hunt, P.A. and their collection management contractor, Data Search NY, Inc. d/b/a TRAKAmerica; and state law claims based on the same nucleus of operative facts. The Parties apologize for the tardiness in this submission.

1. **Description of the action and defenses thereto.**

   **<u>Plaintiff's view</u>**.
   Defendant Tenaglia & Hunt, P.A. ("Tenaglia") filed a collection action against Plaintiff Tyisha Chancey on April 3, 2019, for a defaulted credit card debt owed to Barclays Bank Delaware. Ms. Chancey filed a *pro se* answer, appeared in court on October 2, 2019, and, feeling overwhelmed and pressured, entered into a stipulation of settlement with a payment plan. Critically, if there were a default in payments and Tenaglia wished to enter a judgment on the defaulted balance, the stipulation required Tenaglia to first file a motion for default judgment with at least ten days of notice to Ms. Chancey. Instead, Tenaglia moved directly to the entry of judgment without notice or motion. Further, Tenaglia inflated the amount of the judgment by failing to credit the six payments made by Ms. Chancey as required in the stipulation. Tenaglia then used the unlawfully obtained and inflated judgment to issue a bank restraint, ambushing Ms. Chancey with a freeze of her bank account. All of the money in the bank account, unemployment payments and child support payments, was exempt from restraint. Tenaglia and its collection management contractor, Defendant TRAKAmerica ("Trak"), then stonewalled Ms. Chancey for months as she tried both in and out of court to secure the return of her exempt funds. On or about May 1, 2025, Tenaglia, through the New York City Marshal, levied $4,040.37 from Ms. Chancey's Chase bank account, leaving a balance of only $741.20. (Even if *none* of the money in the account were otherwise exempt, the first $4,080 of her account would always be exempt under the New York Exempt Income Protection Act, CPLR 5222-a ("EIPA"), meaning that Tenaglia levied $3,299.17 to which it had no lawful right.) Ms. Chancey then filed a *pro se* Order to Show Cause to vacate the fraudulently obtained judgment and to have returned the levied exempt funds. In her OSC, Ms. Chancey noted that Tenaglia never filed a motion to enter

default nor provided notice of the same, conditions precedent to being able to lawfully obtain a judgment. In addition, Ms. Chancey provided extensive documentation establishing that, as a matter of arithmetic, all of the funds in the bank account were deposits from unemployment benefits or child support payments, and thus exempt from restraint or seizure under EIPA. Tenaglia then doubled down by vigorously opposing Ms. Chancey's *pro se* Order to Show Cause. Defendants held Ms. Chancey's exempt funds for months while in possession of documentation conclusively demonstrating their exempt status, only returning the money weeks after receiving a court order vacating the judgment and a letter from Ms. Chancey demanding return of the money.

Trak is an intermediary between putative creditors (either original creditors or debt buyers) and debt collectors, both non-attorney collection agencies and debt collection law firms. Trak provides collection management services between the creditors and debt collectors. Trak has control over the collection methods of the collection firms its utilizes in its attorney network. For example, Trak has its own "TRAKAmerica Supplier Work Standards" manual that is requires the collection law firms in its attorney network to comply with. In the case at bar, there is evidence that Trak was the intermediary between Tenaglia and Barclays for the account Tenaglia was seeking to collect from Ms. Chancey through the debt collection lawsuit and resulting judgment. Second, when Tenaglia ultimately returned part of the money illegally seized after the marshal took its fee, the check from the was written from its "TrakAmerica Barclays Trust Account. Further, in a recent FDCPA lawsuit against Tenaglia for its debt collection litigation misconduct in seeking to collect from a consumer a debt allegedly owed to Barclays, document production indicated, according to a motion to compel, that Trak was actively involved in the debt collection litigation as an intermediary between Tenaglia and Barclays.

**Defendants' View**:

**(A) Tenaglia & Hunt:**  Many of the allegations contained in the Complaint are barred by the Statute of Limitations.  The applicable Statute of Limitations for the Fair Debt Collection Practices Act is one year and any actions taken by the defendant prior to January 28, 2025 would be barred.  In addition, the timeline of events not barred by the Statute of Limitations is inaccurately described by Plaintiff.  In fact, Defendant restrained Plaintiff's bank account on February 2, 2025 and waited until April 2025 to forward an execution to the City Marshal. Plaintiff did not file a motion to vacate the judgment until September 2025, and the Court vacated the judgment and ordered return of exempt funds in October 2025.  The funds were returned to Plaintiff's account later in the same month.  The State Court collection matter is still pending.

**(B)  Data Search NY, Inc., d/b/a TrakAmerica**:  TrakAmerica is not a debt collector and never attempted to collect any debt owed by the Plaintiff.  TrakAmerica never sent collection correspondence to the Plaintiff and never sued the Plaintiff.  It did not initiate any post-judgment proceedings and never attempted to contact the Plaintiff for any reason.  As a result, there are no valid federal claims against this defendant.

## 2.  Jurisdiction and venue.

Plaintiff Tyisha M. Chancey is a natural person and a resident of Bronx County, New York. Defendant Tenaglia & Hunt, P.A., ("Tenaglia") is a debt collection law firm organized under the laws of the state of New Jersey and headquartered in Rochelle Park, New Jersey, which does business in New York State. This lawsuit arises out of Tenaglia's business in New

York State. Tenaglia is a debt collection law firm which regularly collects on defaulted consumer debts. Defendant Data Search NY Inc. d/b/a TRAKAmerica ("Trak") is a debt collection company organized under the laws of the state of New York and headquartered in Bonita Springs, Florida. This suit arises out of Trak's action in New York against Ms. Chancey, a resident of the Southern District of New York. Trak is a debt collector as defined by the FDCPA and is jointly and severally liable for the acts of Tenaglia committed on Trak's behalf.

**Defendants' View**:  Defendant Trak denies that it is a debt collector as defined by the FDCPA and denies any liability to the Plaintiff.  There is a jurisdictional dispute regarding this defendant.  Defendant Tenaglia does not contest jurisdiction or venue.

### 3.   Contemplated motions.

Plaintiff anticipates a Motion for Summary Judgment after the close of fact discovery.

Defendant Trak anticipates moving forward with a judgment on the leadings pursuant to FRCP 12(c).  Defendant Tenaglia anticipates a summary judgment motion after the closing of fact discovery.

### 4.   Discovery.

No discovery has taken place. The parties need to exchange of written discovery and, depending on the results, probably at least one deposition. There may be an insurance coverage issue depending on what discovery may disclose as to a potential conflict between the defendants.

**Defendants' View**:  Defendants do not agree that there is any potential conflict between them.

### 5.   Settlement discussions.

Plaintiff's view is that settlement discussions prior to at least the initial exchange of discovery requests and answers are premature, but pre-trial mediation may be fruitful after some discovery. Counsels have agreed to use a private mediator they have both used to great success when they believe sufficient discovery has been exchanged. Counsels have settled many cases together in the past.

**Defendants' View**:  Defendant Tenaglia agrees that it will participate in private mediation but would like that mediation to take place after the conclusion of written discovery. Defendant Trak does not agree, at this time, to participate in any mediation process.

### 6.   Trial length.

The parties anticipate a trial length of two to three days.

### 7.   Other issues.

Currently there is a single carrier covering both Defendants. Depending on what discovery shows there may be a tension in the interests between the two defendants. In that event there may be an issue about an additional carrier being involved, with the possibility of a different firm substituting in for one of the defendants.

<u>Defendants' View</u>:  There is no conflict between the Defendants as Defendant Tenaglia is a debt collector that attempted to collect a debt from Plaintiff, and Defendant Trak is not a debt collector and made no efforts to collect any debt from the Plaintiff.

The parties thank the Court for its consideration.

Sincerely,
/s/
Ahmad Keshavarz

s/
Arthur Sanders