UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

TYISHA CHANCEY,                                         Case No. 1:26-cv-00764 (RA)

                              Plaintiff,

    -against-

TENAGLIA & HUNT, P.A.,
and DATA SEARCH NY INC.
d/b/a TRAKAmerica,

                              Defendants.
-------------------------------------------------------------x

## PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS TO DEFENDANTS

Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,
/s/

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Fl.
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax: (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

### CERTIFICATE OF SERVICE

I, Ahmad Keshavarz, one of the attorneys for the Plaintiff, hereby certify that on this day I served the above referenced document to the parties listed below via email to:

Defendants Tenaglia & Hunt, P.A. and Data Search NY, Inc. d/b/a TRAKAmerica
By and through their attorney of record
Arthur Sanders
Barron & Newburger, P.C.
asanders@bn-lawyers.com

Date: April 24, 2026
        Brooklyn, NY

1

/s/
Ahmad Keshavarz
Plaintiff's Attorney

## **DEFINITIONS**

Please refer to SDNY Local Rule 26.3 Uniform Definitions in Discovery Requests for the terms used in these discovery demands. Those definitions control in the event of any conflict with the following additional definitions.

When a document production demand asks for "**documents sufficient to demonstrate...**" you may use an affidavit to answer the question if you wish.

1. These demands are governed by Local Rule 26.3 Uniform Definitions in Discovery Requests, unless otherwise indicated. This includes, without limitation:

    a. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

    b. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

    c. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

    d. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    e. **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

    f. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2. Plaintiff adds to the definition of local rule definition of Identify (with respect to persons) to include the persons' telephone numbers and email address, if any.

3. The term "Insurance" means *any* type of insurance *except* health insurance, auto insurance, or workers compensation insurance. Without limitation, Insurance does include any FDCPA, malpractice, errors and omissions, umbrella policy, or general liability policy. The term includes the full terms of the policy as well as the declaration sheet.

4. "**Plaintiff**" means the Plaintiff in this federal lawsuit, Tyisha Chancey.

5. "**Defendants**" means the defendants in this federal lawsuit: Tenaglia & Hunt, P.A. and Data Search NY, Inc. d/b/a TRAKAmerica.

6. "**You**" or "**Your**" means "Defendants", their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

7. "**Possession, custody, or contro**l" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]

8. The term "**Putative Debt**" means the putative debt alleged in the state court case captioned *Barclays Bank Delaware v. Tyisha Chancey,* CV-006266-19/BX in Bronx County Civil Court.

9. The term "the **Lawsuit**" means the state court case captioned *Barclays Bank Delaware v. Tyisha Chancey,* CV-006266-19/BX in Bronx County Civil Court.

10. The term "the **Levy**" or "the **Execution**" means the document attached as Exhibit J to the Complaint in this action.

11. "**Original Creditor**" means the creditor who originated the putative debt.

12. "The **Stipulation**" means the Stipulation of Settlement signed and filed on October 2, 2019, and received on NYSCEF on October 7, 2019, attached to the Complaint in this action as Exhibit C.

13. When a document production demand asks for "documents sufficient to demonstrate…," you may use an affidavit to respond to the demand if you wish.

14. These requests are continuing in nature. If any responsive documents come into your possession, custody or control after the service of your responses hereto, said additional documents shall be delivered to the undersigned expeditiously thereafter.

15. If a requested document no longer exists, state the reasons for the document's unavailability or nonexistence. If the requested document is no longer in your possession, identify the location of the document and from whom the document could be obtained.

16. Produce all documents in their original files as they are kept in the usual course of business. If any document produced has been removed from its original location, indicate such on the document produced, or produce a separate index noting the location in which the document was found.

17. Unless otherwise requested in a specific demand, **the Relevant Time Period for the requests is January 1, 2019 to the present**.

18. PLEASE NOTE: If the documents sought exist in an electronic form (e.g., a database of dates and locations of putative service of process) please produce those documents in its native

---

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Express*, 93 Civ. 5594 (LBS), 1998 WL 43125 at * 4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391at * 2 (S.D.N.Y. July 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.").

electronic format. Please produce a privilege log if you are asserting any attorney-client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce all of the following documents in your possession, custody, or control:

1. The documents you had regarding Plaintiff or the Putative Debt when you filed the Lawsuit.

2. All documents regarding Plaintiff, the Putative Debt or the Lawsuit.

3. All documents reflecting the operation of any collection software used in connection with the Lawsuit.

4. All documents reflecting your policies and procedures in connection with the verification of debts.

5. All documents reflecting your policies and procedures in connection with collections from consumer bank accounts containing exempt funds.

6. All communications between the Defendants and any other persons regarding the Plaintiff, the Putative Debt, or the Lawsuit.

7. All communications between the Defendants and any other persons regarding the Plaintiff's submitted Exemption Claim Form.

8. All communications between the Defendants and any other persons regarding the restraint and seizure of Plaintiff's funds.

9. All contracts governing the putative debt or the collection thereof, including documents referenced or incorporated by reference into those contracts.

10. All emails in their native format related to the claims and defenses in this case, including attachments.

11. All audio recordings, including telephone calls, relating to this case, including any recordings of telephone calls with or about the Plaintiff.

12. Documents reflecting training and supervision of your employees or agents in relation to debt collection, including as to the collection of the Putative Debt and the Lawsuit.

6

13. The documents used to generate the Execution, including but not limited to templates and screenshots of the program, if any, that generates the Execution.

14. If your document production uses abbreviations, codes, or identifies persons only by first name or initials, please produce document sufficient to demonstrate the meaning of each abbreviation or code, and "identify" each such person.

15. The specific collection agreements between Tenaglia and TRAKAmerica referenced in Plaintiff's complaint, and any other contracts governing the relationship between Tenaglia and TRAKAmerica.

16. Documents regarding insurance policies which may cover this claim, including copies of the policies themselves, whether or not you have forwarded this claim to your insurer.

17. Communications regarding insurance coverage and indemnification.

## FIRST INTERROGATORIES

1. "Identify" all persons who have knowledge of relevant facts, and identify the issues upon which you believe they have knowledge.

2. "Identify" all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

3. "Identify" the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

4. Identify the name and address of every witness you expect to call at the trial of this case, and summarize the testimony you expect each such witness to give.

5. Identify persons having knowledge of relevant facts, and give a statement of each identified person's connection with the case and what relevant facts you contend they have.

6. Why did you refuse for months to return Plaintiff's funds after being provided with notice and proof of exempt funds, namely unemployment and child support?

7. Why did you apply for a default judgment without notice and motion, as required by the 2019 Stipulation?

8. Why did you enter judgment for the full amount of the Putative Debt, without crediting Plaintiff's payments?

9. Why did you wait more than five years after Plaintiff's alleged default on the Putative Debt to enter judgment against her?

10. To the extent that your answer and affirmative defenses assert that third parties may be liable for the damages alleged in the complaint, identify whether your co-defendant is one such third party.

**FIRST REQUESTS FOR ADMISSION**

Admit or deny the following:

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

2. The putative debt you sought to collect in the Lawsuit was an alleged obligation incurred primarily for family, personal, or household purposes.

3. You regularly pursue actions in the courts of the state of New York to collect alleged debts incurred primarily for family, personal, or household purposes.

4. You use the mails in connection with Your business.

5. You entered default judgment against Plaintiff without notice and motion.

6. The Stipulation required notice and motion prior to the entry of judgment.

7. The Stipulation required crediting of payments made in the event of a motion for default judgment.

8. You signed and drafted the Stipulation.

9. You did not credit Plaintiff's payments towards the Putative Debt in Your default judgment.