UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

TYISHA CHANCEY,

                Plaintiff,

      -against-

TENAGLIA & HUNT, P.A. and DATA
SEARCH NY INC. d/b/a TRAKAMERICA,

                Defendant(s).

-----------------------------------------------------x

**NOTICE OF MOTION**

26-CV-00764

**PLEASE TAKE NOTICE** that upon the annexed memorandum of law and upon all pleadings and proceedings had herein, defendant Data Search NY, Inc., d/b/a TRAKAmerica will move this Court before Hon. Ronnie Abrams, at the United States District Court, for the Southern District of New York, located at 40 Centre Street, New York, NY, on August 28, 2026, for an Order dismissing plaintiff's complaint against Data Search NY, Inc., d/b/a TRAKAmerica, pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(c), and for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to the Briefing Schedule approved by the Court, opposition to this motion must be served by August 7, 2026, with any Reply to be served by August 28, 2026.

Dated:    New City, NY
          July 6, 2026

                   ARTHUR SANDERS, ESQ. (AS1210)
                   BARRON & NEWBURGER, P.C.
                   Attorneys for defendant Data Search
                   NY, Inc., d/b/a TRAKAmerica
                   30 South Main Street
                   New City, NY  10956
                   845-499-2990

TO:

AHMAD KESHAVARZ, ESQ.
LAW OFFICE OF AHMAD KESHAVARZ
Attorneys for Plaintiff
16 Court Street
Brooklyn, NY 10004
ahmad@NewYorkConsumerAttorney.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TYISHA CHANCEY,

                              Plaintiff,                    26-cv-00764

            -against-

TENAGLIA & HUNT, P.A. and DATA
SEARCH NY, INC., d/b/a TRAKAMERICA

                              Defendants.

------------------------------------------------------------x

## MEMORANDUM OF LAW
## IN SUPPORT  OF MOTION BY
## DATA SEARCH INC., d/b/a TRAKAMERICA
## TO DISMISS PLAINTIFF'S CLAIMS

**ARTHUR SANDERS, ESQ.**
**BARRON & NEWBURGER, P.C.**
**Attorney for defendant**
**Data Search NY Inc., d/b/a TRAKAmerica**
**30 South Main Street**
**New City, NY 10956**
**845-499-2990**

## TABLE OF CONTENTS

PAGE

Introduction                                                          1

Procedural Background                                                 2

Facts                                                                 2

Defendant Trak Is Not a Debt Collector                               4

TrakAmerica Is Not Liable for Conversion                             6

Defendant Trak is Not Liable for Gross Negligence                    7
As It Owed No Duty of Care to the Plaintiff

Conclusion                                                           8

## TABLE OF AUTHORITIES                                              PAGE

*Crespo v. Gutman Mintz et al, 2025 U.S. Dist. Lexis 51227, 2025 WL 871637,*    6
*(SDNY Mar. 20, 2025)*

*Daros v. Chase Manhattan Bank,* 19 F. Appendix 26, 27 (2nd Cir. 2001)          5

*Ellis v. Solomon & Solomon, P.C.,* 591 F. 3d 130. 134 (2nd Cir., 2010)         5

*Feldman v. Sanders Legal Group,* 914 F. Supp. 2nd 595 (SDNY, 2012)             5

*Lopresti v. Terwilliger,* 126 F. 3d 34, 42 (2nd Cir., 1997)                    6

*Palka v. Service Master Management Services Corp.* 83 NY 2d 579,               7
634 N.E. 2d 189, 192, 611 NYS 2nd 817 (NY 1994)

*Pasternack v. Lab Corp of America Holdings, 27 NY 3d 817,*    7
*37 NYS 3d 750, 59 N.E. 3d 485, 490 (NY 2016)*

*Snitman v. BMW Financial Services, 2026 U.S. Dist. Lexis 146253,*    7
*2026 WL 1884545 (EDNY, July 1, 2026)*

*Spencer v. Lab Corp. of America Holdings, 2025 U.S. App. Lexis 25267,*    7
*2025 WL 2779015 at \*2 (2nd Cir., Sept. 30, 2025*

*Thyroff v. Nationwide Mutual Insurance Co., 460 F. 3d 400, 403-04*    6
*(2nd Cir., 2006*

*Traffix, Inc. v. Herold, 269 F. Supp 2nd  223, 238 (SDNY, 2003)*    6

*Vigilant Insurance Company of America v. Housing Authority,*
*87 NY 2nd 36, 44, 660 NE 2nd 1121, 637 NYS 2nd 342 (1995).*    8


*Wise v. JP Morgan Chase, 2023 U.S. Dist. Lexis 152141,*    5
*2023 WL 5575889 at \*3 (SDNY, Aug. 29, 2023.*

## TABLE OF STATUTES

FDCPA – 15 U.S.C. §1692, et seq.    1, 5

15 U.S.C. §1692a(6)    4

## INTRODUCTION

Plaintiff has brought suit against defendant Tenaglia & Hunt, P.A. and defendant Data Search NY, Inc., d/b/a TRAKAmerica, alleging violations of the FDCPA (15 U.S.C. §1692, et seq.) and for conversion and gross negligence.

Plaintiff's claims are based exclusively upon the alleged wrongdoing of co-defendant Tenaglia & Hunt, P.A. ("Tenaglia"). The instant motion is not made on behalf of the Tenaglia defendant but on behalf of defendant Data Search NY, Inc., d/b/a TRAKAmerica ("Trak"). Plaintiff's complaint contains no plausible factual allegations directed at the moving defendant.

Plaintiff's claim describes the lawsuit brought in State Court against the plaintiff by the Tenaglia defendant along with the alleged wrongdoing by the Tenaglia defendant through the life of that lawsuit. Allegations are contained in the complaint regarding the entry of judgment against the plaintiff and the alleged wrongful restraint and execution of funds belonging to the plaintiff. While the complaint contains virtually no factual allegations directed at the moving defendant, the complaint does attempt to allege that the moving defendant is somehow a debt collector because it maintains an attorney network. In the words of plaintiff's complaint, "When a debt collector collects money, it takes its own share, pays the balance to Trak, who takes its own share, and forwards the balance to the creditor." (Complaint, ¶34) Such a description is not that of a debt collector and does not describe any debt collection activity.

1

## PROCEDURAL BACKGROUND

On January 28, 2026, plaintiff commenced this action against the defendants. Defendant Trak filed its Answer on March 16, 2026.

The initial conference took place on April 10, 2026, and the Court issued a Scheduling Order for the completion of discovery.

The Court subsequently issued a Briefing Schedule for this motion on May 11, 2026, and amended the Briefing Schedule on June 1, 2026, at moving defendant's request. This motion is brought pursuant to the Briefing Schedule approved by the Court.

## FACTS

Plaintiff's complaint is 18 pages and contains numerous exhibits, yet the allegations against Trak are scant and appear to be nothing more than an afterthought.

Plaintiff describes Trak as a debt collector because it runs an attorney network, but plaintiff's description of Trak's activities is notable for the complete absence of debt collection activity. The complaint alleges that, "When Ms. Chancey called Tenaglia to ask why they froze her account and how to get the money released, Tenaglia told her to call Trak because Trak had 'taken over the account.'" (Complaint ¶5.) This untrue assertion is contradicted later in plaintiff's complaint (see, Complaint ¶17). In fact, plaintiff received contact information for Trak from the creditor, Barclays Bank, not from Tenaglia.

The specific factual allegations regarding Trak are contained in paragraph 17 and paragraph 18 of the complaint. It indicates that plaintiff called Trak and that

2

Trak directed her to contact Tenaglia. In addition, it was Tenaglia that issued a refund check to plaintiff from its trust account labeled as "TrakAmerica Barclays Trust Account."

In paragraph 33 through 39 of the complaint, plaintiff's counsel desperately attempts to portray Trak as a debt collector, but administering an attorney network does not transform it into a debt collector. In order to be a debt collector, it must engage in debt collection activity as defined by statute.

Plaintiff's complaint is notable for its failure to include key allegations that would suggest Trak to be a debt collector:

(a)    Plaintiff's complaint does not allege that she ever received debt collection correspondence from Trak.

(b) Plaintiff's complaint does not allege that Trak ever attempted to contact her by letter, phone, email, text, or any other means.

(c) Trak did not sue the plaintiff or obtain a judgment against her. This is supported by plaintiff's own documents attached to the complaint.

(d) Trak did not prepare any documents to enforce the judgment.

(e)    Trak did not oppose plaintiff's application to vacate the judgment. Opposition was filed by co-defendant Tenaglia, the collection law firm that sued the plaintiff and obtained judgment against her.

There is no basis to proceed in Federal Court against Trak as there is no applicability to Federal law. The two State law claims are also subject to dismissal for failure to state a cause of action.

In addition to the complete absence of factual support for plaintiff's allegations that Trak is a debt collector, there is no factual support for a conversion

3

claim against Trak. There is no allegation that Trak restrained plaintiff's funds as the restraining notice was signed by the law firm defendant. There is no allegation that Trak executed upon the judgment as the execution was performed by the City Marshal after receiving documents from the Tenaglia defendant. The refund check sent to plaintiff after the judgment was vacated came from a bank account maintained by the Tenaglia defendant. The creditor in the case was Barclays Bank. Trak simply supplied support services for the bank, which included administering the attorney network.

Finally, the allegation of gross negligence contained in the complaint appears to be completely inapplicable to Trak as it never interacted with the plaintiff.

## DEFENDANT TRAK IS NOT A DEBT COLLECTOR

15 U.S.C. §1692a defines a debt collector as follows:

"(6)    The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of Section 806(6) (15 U.S.C. §1692F(6) such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated

4

by corporate control, if the person acting as a debt collector does so only for the persons to whom it is so related or affiliated and if the principal purpose of such person is not the collection of debts; (C)  any officer or employee of the United States or any State to the extent that collecting or attempting to collect a debt is in the performance of his official duties; (D)  any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt; (E) any non-profit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amount to creditors, and (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in commercial credit transactions involving the creditor."

It is axiomatic that a defendant can only be held liable for violating the FDCPA if he is a debt collector within the meaning of the Act. See, *Daros v. Chase Manhattan Bank*, 19 F. Appendix 26, 27 (2nd Cir. 2001); *Ellis v. Solomon & Solomon, P.C.*, 591 F. 3d 130. 134 (2nd Cir., 2010).  The plaintiff bears the burden of proving that a defendant is a debt collector.  *Feldman v. Sanders Legal Group*, 914 F. Supp. 2nd 595 (SDNY, 2012).

To state a claim for violation of the FDCPA, "A plaintiff must plausibly allege  (1) plaintiff is a consumer; (2) the defendant is a debt collector; (3) the plaintiff committed some act or omission in violation of the FDCPA."  [Emphasis supplied] See, *Wise v. JP Morgan Chase*, 2023 U.S. Dist. Lexis 152141, 2023 WL 5575889 at *3 (SDNY, Aug. 29, 2023).

5

A review of plaintiff's complaint, minus the adjectives, fails to reveal any actions taken by Trak to collect any debt owed to any entity. There are no allegations in the complaint suggesting that Trak is a debt collector.

Plaintiff's complaint fails to allege any other violations of Federal law. Without such allegations, there is no basis to maintain plaintiff's claim in a Federal Court against Trak.

## TRAKAMERICA IS NOT LIABLE FOR CONVERSION

According to New York law, conversion is "the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Thyroff v. Nationwide Mutual Insurance Co.*, 460 F. 3d 400, 403-04 (2nd Cir., 2006) (Quoting *Vigilant Insurance Company of America v. Housing Authority*, 87 NY 2nd 36, 44, 660 NE 2nd 1121, 637 NYS 2nd 342 (1995).

"The tort of conversion does not require the defendant's knowledge that he is acting wrongfully, but merely an attempt to exercise the dominion or control over property in a manner consistent with the rights of another. See, *Crespo v. Gutman Mintz* et al, 2025 U.S. Dist. Lexis 51227, 2025 WL 871637, (SDNY Mar. 20, 2025), citing to *Lopresti v. Terwilliger*, 126 F. 3d 34, 42 (2nd Cir., 1997). "New York law recognizes an action for conversion of money..." *Traffix, Inc. v. Herold*, 269 F. Supp 2nd 223, 238 (SDNY, 2003).

It is implausible to suggest that Trak converted any funds belong to the plaintiff. As plaintiff's complaint appears to concede, plaintiff was not sued by Trak, was not subject to a restraining notice prepared by Trak, was not subject to an

6

execution prepared by Trak, and has no basis to believe that any defendant other than Tenaglia allegedly converted any of her money.

The conversion claim against Trak must fail as the complaint does not plausibly suggest that Trak converted the money.

### DEFENDANT TRAK IS NOT LIABLE FOR GROSS NEGLIGENCE AS IT OWED NO DUTY OF CARE TO THE PLAINTIFF

The recent case of *Snitman v. BMW Financial Services,* 2026 U.S. Dist. Lexis 146253, 2026 WL 1884545 (EDNY, July 1, 2026) discusses the basis for a negligence claim. "To prevail on the claim for negligence under New York law, plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff; (2) a breach thereof, and (3) injury proximately resulting therefrom." Citing to *Spencer v. Lab Corp. of America Holdings,* 2025 U.S. App. Lexis 25267, 2025 WL 2779015 at *2 (2nd Cir., Sept. 30, 2025, citing *Pasternack v. Lab Corp of America Holdings,* 27 NY 3d 817, 37 NYS 3d 750, 59 N.E. 3d 485, 490 (NY 2016). "...The definition of the existence and scope of the alleged tortfeasor's duty is usually a legal, policy-laden declaration reserved for judges to make prior to submitting anything to factfinding or jury consideration." Citing to *Palka v. Service Master Management Services Corp.* 83 NY 2d 579, 634 N.E. 2d 189, 192, 611 NYS 2nd 817 (NY 1994).

Plaintiff's fatal flaw with respect to her claim of gross negligence is it does not apply, in any fashion, to the moving defendant. To repeat what has already been said, the moving defendant never attempted to collect any debt from plaintiff and never interacted with plaintiff except when plaintiff placed a call to its business, at which time Trak immediately directed plaintiff to co-defendant Tenaglia. Plaintiff did not owe any sum of money to Trak and Trak never attempted to collect any sum of money from

plaintiff. There is simply no basis to find any duty of care to the plaintiff that could have possibly have been breached by the moving defendant.

## CONCLUSION

Plaintiff's claim fails to allege that the moving defendant is a debt collector, so there is no basis to proceed in Federal Court with any claim pursuant to Federal law. In addition, plaintiff fails to plausibly allege that the moving defendant converted plaintiff's funds or committed any act of gross negligence.

Since there are no additional factual allegations contained in plaintiff's complaint, it must be dismissed against Trak.

Dated:  New City, NY
    July 6, 2026

ARTHUR SANDERS, ESQ.
BARRON & NEWBURGER, P.C.
Attorneys for defendant Data Search NY, Inc.
d/b/a TRAKAmerica
30 South Main Street
New City, NY  10956

TO:

AHMAD KESHAVARZ, ESQ.
THE LAW OFFICE OF AHMAD KESHAVARZ
Attorneys for Plaintiff
16 Court Street, Suite 2600
Brooklyn, NY 11241
ahmad@NewYorkConsumerAttorney.com

8