BN
BARRON & NEWBURGER, PC

Arthur Sanders
Attorney

Office 845-499-2990 | E-Mail: asanders@bn-lawyers.com

September 25, 2026

Magistrate Judge Gary Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Local Rule 37.2 Letter Motion for Pre-Motion Conference to Enforce Stipulation, Compel Answers to Plaintiff's First Discovery Demands and to Stike Confidentiality Designations, or, in the alternative, Allow Documents Designated Confidential to Be Filed Under Seal.
Chancey v. Tenaglia & Hunt, P.A & Data Search NY Inc., d/b/a TRAKAmerica
Docket No. 26-cv-00764

Dear Judge Stein:

This letter is written in response to plaintiff's five-page Letter Motion filed pursuant to Local Rule 37.2. The defendants partially oppose plaintiff's application.

It is important to understand the relevant background to plaintiff's application. It is, in essence, a reaction to the filing by defendant TRAKAmerica (TRAK) of a motion to dismiss in July of this year. The motion argues that defendant TRAK is not a "debt collector" as defined by 15 U.S.C § 1692, and not subject to the Courts jurisdiction for that reason. Plaintiff's complaint contain no factual allegations suggesting that defendant TRAK is a debt collector unlike the co-defendant Tenaglia.

The parties have since agreed to produce a number of documents, but defendant TRAK has encountered delays with respect to documents containing communications between it and Barclays Bank, the creditor with whom TRAK has a business relationship. The internal difficulties, which took longer than anticipated, have been resolved and TRAK will be producing emails between it and Barclays concerning plaintiff Chancey and will be producing agreements between it and Barclays that reflect the contractual relationship between them. The documents contain some confidential information and will be provided with limited redactions at the insistence of Barclays. Nonetheless, the documents should be sufficient to show plaintiff's counsel that defendant TRAK is not a debt collector. This should enable defendant TRAK to proceed with its long-delayed motion to dismiss.

As plaintiff's counsel concedes, the defendants have already produced the TRAKAmerica Supplier Work Standards Version 4.9.

Despite the production that has already taken place, as well as the production that will be sent shortly to plaintiff's counsel, he has greatly expanded his document production expectations. These expectations are contained in 14 separate bullet points starting on page 3 of his letter motion and continuing though the top of page 4. This lengthy list greatly exceeds what plaintiff needs in connection with his ability to oppose TRAKs motion to dismiss. TRAK runs an attorney forwarding network and is not a debt collector this should not be an issue.

Plaintiff's counsel contends that he needs all of these documents in connection with the depositions of the defendants, but this is simply not true. The Tenaglia defendants have already produced hundreds of pages of documents and is prepared to proceed with depositions. The TRAK defendant does not agree to be deposed and it would be inappropriate to proceed with a deposition of TRAK while its motion to dismiss remains pending.

Cell: (845) 548-2213 | Fax: (845) 499-2992 | 30 South Main Street | New City, NY 10956 | bn-lawyers.com

B&N

Hon. Gary Stein
September 25, 2026
Page 2
Re: Chancey v. Tenaglia & Hunt et al

With respect to confidentiality designations, plaintiff's counsel notes that the existing Protective Order allows confidentiality designations to protect proprietary and sensitive nonpublic information. The TRAK manual fully meets that definition.

Plaintiff cites to a number of cases including *Khan v. Midland Funding LLC*, 956 F. Supp. 2d 515 (S.D.N.Y. 2013) but his case citations don't support his position. The cases cited in the first paragraph on page 5 of his motion pertain to situations in which adverse parties have failed to produce documents based upon claims of confidentiality. The cases are inapplicable to the present set of facts in which plaintiff's counsel has already received the TRAK manual in which he now seeks to no longer be considered as confidential.

The Khan case was cited in the case of *Martinez v. LVNV Funding LLC*, 2015 US District Lexis 68344 (E.D.N.Y. 2015). That case was almost identical to the present matter with respect to plaintiff's request to remove the confidential designation. Plaintiff's counsel in that case was Ahmad Keshavarz, who represents plaintiff in this case. His motion to remove the confidential designation was denied. The Court found that litigants do not have "an unrestrained right to disseminate information that has been obtained through pretrial discovery and restraints placed on discovered, but not yet admitted information are not a restriction on a traditionally public source of information". at *4. See, also, *Grief v. Nassau County*, 246 F. Supp. 3d 560 (E.D.N.Y. 2017).

Plaintiff's final request is that he be allowed to file the collection manual under seal as an exhibit to his upcoming amended complaint. Defendant does not oppose that request.

Thank you for your consideration.

Sincerely,

BARRON & NEWBURGER, P.C.

By: Arthur Sanders

as/gw